STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
Docket No. RE-05-183

ELIZABETH DOW,

Plaintiff,

v.

ORDER

ELIZABETH WARD DICKINSON,
et al.,

Defendants.

Before the court is plaintiff Elizabeth Dow's motion for a Rule 35 mental examination of defendant Elizabeth Dickinson, who is Dow's mother. A hearing was held on the motion on August 29, 2006.

For the reasons stated at the hearing, the court concludes that Dickinson, although perhaps only a party-in-interest or a necessary party under Rule 19(a)(2)(i), is a party subject to Rule 35. Dickinson has not put her mental capacity in controversy but her capacity has been put in controversy by Dow.

Ultimately, however, the court concludes that Dow has not shown good cause to subject Dickinson to a mental examination against her will under the circumstances of this case. The materials submitted in support of Dow's request establish – and Dickinson acknowledges – that Dickinson suffers from alcoholism, that she operated a motor vehicle under the influence in June 2005, that she has responded in a highly emotional manner to Dow's decision beginning in June 2005 not to let her see her grandchildren, and that in a bout of depression she voluntarily admitted herself to Spring Harbor for three days last September.

At the same time, it is not disputed that Dickinson has maintained sobriety since June 2005, that she has obtained treatment at the Mercy Outpatient Program, that she now regularly attends AA meetings, that she currently works with children at a daycare in Yarmouth, and that she maintains her own home, pays her own bills, and makes all necessary decisions with respect to her daily activities.

To establish that someone lacks mental capacity, it must be shown that the person in question lacks sufficient capacity to make responsible decisions with respect to her person and to manage her affairs. See 18-A M.R.S. § 5-101; Guardianship of K-M, 2005 ME 8 ¶¶ 3, 5, 8, 11-13, 866 A.2d 106, 109-11. This is a high standard to meet. The court concludes that the materials submitted by Dow fall short of showing that there is a sufficient question as to her mother's current mental capacity to justify subjecting Dickinson to a psychiatric examination against her will.

The entry shall be:

Plaintiff's motion for a Rule 35 mental examination is denied. The clerk is directed to incorporate this order in the docket by reference pursuant to Rule 79(a).

DATED:     September 1, 2006

Thomas D. Warren
Justice, Superior Court

2

COURTS
d County
x 287
ɜ 04112-0287

DENNIS O'DONOVAN ESQ
TWO MONUMENT SQUARE
PORTLAND ME   04101-4036



JRTS
ınty

ı2-0287

FRANK CHOWDRY ESQ
PO BOX 4510
PORTLAND ME   04112